IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01654-MSK-KLM

PATRICK COLLINS, INC.,

      Plaintiff,

v.

JOHN DOES 1-25,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference and Incorporated Memorandum of Law** [Docket No. 4; Filed June 28, 2011] (the "Motion").  Plaintiff seeks to serve subpoenas on Defendants' internet service providers ("ISPs") in order to learn Defendants' identities.  Plaintiff represents that it only knows Defendants by their internet protocol ("IP") addresses at this juncture.  Plaintiff asserts that "the ISPs can use the IP addresses to identify the Defendants" because "ISPs maintain internal logs which record the date, time, and customer identity for each IP address assignment" they make.  *Motion* [#4] at 1.  Specifically, Plaintiff seeks leave to serve subpoenas pursuant to Fed. R. Civ. P. 45 requiring production of "the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address" associated with Defendants' IP addresses.

      While a party ordinarily may not seek discovery prior to conferring with all other parties, Fed. R. Civ. P. 26(d)(1), the Court order may allow expedited discovery upon a

showing of good cause. *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "Courts have found good cause for expedited discovery when physical evidence may be destroyed with the passage of time, in cases involving claims of infringement and unfair competition, and where the party requesting discovery seeks a preliminary injunction." *Kabyesiza v. Rodriguez*, No. 10-cv-00216-MSK-KLM, 2010 WL 3923093, at *3 (D. Colo. Oct. 1, 2010) (unreported decision) (citations omitted). "In internet infringement cases, courts routinely find good cause exists to [permit issuance of] a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f), conference where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (unreported decision) (citations omitted).

In this case, the Court finds that Plaintiff has demonstrated good cause for allowing expedited discovery for the limited purpose of identifying Defendants. Plaintiff represents that Defendants' "ISPs may maintain [internal customer identification] logs for only a short period of time." *Motion* [#4] at 1; *see Qwest*, 213 F.R.D. at 419 (holding that good cause is shown where evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation"). Plaintiff has also adequately demonstrated that it has no other means of identifying Defendants. *See Motion* [#4] at 4. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#4] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff may serve subpoenas pursuant to Fed R. Civ. P. 45 on the ISPs identified in Exhibit B to the Affidavit of Tobias Fieser, [Docket No.

4-1] at 17-18.  Such subpoenas may require the production of only the following information from ISPs: the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address associated with the IP addresses allegedly involved in the infringement at issue in this case.

IT IS FURTHER **ORDERED** that a copy of this Order must be served along with any subpoena issued pursuant to it.

IT IS FURTHER **ORDERED** that any ISP served with a subpoena issued pursuant to this Order shall have fourteen (14) days to file a motion seeking to quash the subpoena. Accordingly, any subpoena served pursuant to this Order must specify that the recipient ISP has at least fifteen (15) days to respond with the required information.

IT IS FURTHER **ORDERED** that any information disclosed to Plaintiff in response to a subpoena issued pursuant to this Order may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act as set forth in the Complaint [Docket No. 1].

IT IS FURTHER **ORDERED** that Plaintiff is authorized to serve a maximum of five (5) subpoenas, representing one subpoena to be served on each of the five separate ISPs identified in Exhibit B to the Affidavit of Tobias Fieser, [#4-1] at 17-18.  Each subpoena served on an ISP may request information relating to all of the subscriber IP addresses listed in Exhibit B that were issued by that ISP.

Dated:  June 29, 2011

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge